Michael J. Freiman, Esq. (SBN 280716)
Law Office of Michael Freiman
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
(310) 917-1022
mike@employlegal.com

Attorney for Plaintiff JASONE WATKINS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASONE WATKINS,<br><br>     Plaintiff,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC.; and DOES 1 through 20, inclusive,<br><br>     Defendants. | CASE NO.: CV 18-08739-CJC (JEMx)<br><br>**THIRD AMENDED COMPLAINT FOR:**<br><br>1. Wrongful Demotion in Violation of Public Policy<br>2. Retaliation in Violation of Labor Code s. 1102.5<br>3. Discrimination in Violation of FEHA<br>4. Failure to Prevent Discrimination in Violation of FEHA<br>5. Harassment in Violation of FEHA<br>6. Failure to Prevent Harassment in Violation of FEHA<br>7. Retaliation in Violation of FEHA<br>8. Failure to Engage in the Interactive Process<br>9. Failure to Provide Reasonable Accommodation<br>10. Labor Code s. 6310<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JASONE WATKINS for his Complaint against G4S SECURE SOLUTIONS (USA) INC.; and DOES 1 through 20, inclusive, hereby complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Jasone Watkins was at all times relevant to the matters alleged in this complaint an individual with his residence in California.

2.     Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct.  The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained.  For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 20, inclusive.

3.     Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

4.      Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Los Angeles.

5.      Pursuant to Section 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of Los Angeles, because the Defendant conducted business in Los Angeles County.

## FACTUAL BACKGROUND

6.      Defendant G4S Secure Solutions employed Plaintiff as a security guard in Los Angeles from in or around September, 2017, to Summer, 2018. Plaintiff is not currently employed by Defendant.

7.      During Plaintiff's (African-American) employment, in a continuing violation from December, 2017, to Summer, 2018, Defendant's management and employees, including Plaintiff's supervisor, created a hostile work environment by making racial slurs to Plaintiff (including without limitation that Plaintiff should instead work as a "basketball player" and go back to "Ethiopia"), harassing physical conduct including without limitation pointing a finger in Plaintiff's face, and other actions to exclude Plaintiff such as removing Plaintiff's lunch from his desk and not allowing him to sit down at all during his job.

Case 2:18-cv-08739-CJC-JEM   Document 26   Filed 07/23/19   Page 4 of 30   Page ID #:239

8.     Defendant did not engage in such conduct toward similarly situated employees who, based on Plaintiff's knowledge and on information and belief, were not African American.

9.     Following Plaintiff's complaints about the harassment, Defendant required Plaintiff to stand in his position in violation of California's suitable seating laws despite previously allowing Plaintiff to set in his position from September, 2017 to June 26, 2018. As a result, Plaintiff developed a disability of excruciating physical pain which interfered with his ability to work and engage in other physical actions beginning June 26, 2018.

10.     As a result of Plaintiff's disability, Plaintiff requested reasonable accommodation including without limitation the opportunity to sit during parts of his job from June 26, 2018, through the remainder of his employment in Summer, 2018.

11.     Defendants failed to engage in any interactive process to determine what accommodations known or should be known to the employer nor did Defendant accommodate Plaintiff's request for a seat nor provide any other reasonable accommodation in a continuing violation from June 26, 2018 through the remainder of his employment in Summer, 2018.

12.     Plaintiff complained to Defendant's management about racial discrimination/harassment, disability discrimination/failure to accommodate, violation

of California's suitable seating laws, and an unsafe work environment in or around June-July, 2018.

13.     Within close time proximity (less than three months) following Plaintiff's complaints in or around June-July, 2018, Defendant's management, with knowledge of Plaintiff's complaints, required he stand at his post, removed Plaintiff from his post, suspended Plaintiff, wouldn't allow Plaintiff to return to work, demoted Plaintiff, reduced Plaintiff's schedule, reduced Plaintiff's compensation, and failed to provide Plaintiff a raise he was qualified for and otherwise would have earned beginning on June 26, 2018 and continuing through the remainder of employment.

14.     On August 7, 2018, Plaintiff filed a charge with the Department of Fair Employment and Housing ("DFEH") containing claims reasonably related to the above referenced Fair Employment and Housing Act violations and obtained a right-to-sue letter. The charge and right to sue letter are attached hereto as Exhibit A.

15.     On June 25, 2019, Plaintiff filed an amended DFEH Charge containing claims reasonably related to the above referenced Fair Employment and Housing Act violations, which is attached hereto as Exhibit B.

16.     On June 25, 2019, Plaintiff filed a new DFEH charge containing claims reasonably related to the above referenced Fair Employment and Housing Act violations and received another right to sue letter, which are attached hereto as Exhibit C.

## FIRST CAUSE OF ACTION
### (Wrongful Demotion/Suspension in Violation of Public Policy)
### (Against All Defendants)

17.     Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

18.     Defendant's actions constitute wrongful demotion/suspension in violation of the public policy.

19.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, emotional distress, and seeks punitive damages all in an amount subject to proof at the time of trial.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Labor Code s. 1102.5)
### (Against All Defendants)

20.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

21.     Defendants' actions constitute retaliation in violation of Labor Code s. 1102.5.

22.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

23.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish all to his damage in an amount according to proof at trial.

24.     In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### THIRD CAUSE OF ACTION
**(Discrimination in Violation of FEHA)**
**(Against All Defendants)**

25.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

26.     Defendants' actions constitute discrimination in violation of the Fair Employment and Housing Act ("FEHA").

27.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

28.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

29.     In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## FOURTH CAUSE OF ACTION
### (Failure to Prevent Discrimination in Violation of FEHA)
### (Against All Defendants)

30.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

31.     Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent discrimination.

32.     Defendants had knowledge and/or reasonable notice of the discrimination that took place against Plaintiff and failed to prevent such.

33.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

34.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

35.     In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## FIFTH CAUSE OF ACTION
### (Harassment in Violation of FEHA)
### (Against All Defendants)

36.   Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

37.   Defendants' actions constitute harassment in violation of the Fair Employment and Housing Act ("FEHA").

38.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

39.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to her damage in an amount according to proof at trial.

40.   In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SIXTH CAUSE OF ACTION
### (Failure to Prevent Harassment in Violation of FEHA)
### (Against All Defendants)

41.   Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

42.   Defendants' knew or should have known about its harassment toward Plaintiff and failed to prevent it.

43.   Defendants' actions constitute failure to prevent harassment in violation of the Fair Employment and Housing Act ("FEHA").

44.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

45.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

46.   In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SEVENTH CAUSE OF ACTION
### (Retaliation in Violation of FEHA)
### (Against All Defendants)

47.   Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

48.   Defendants' actions constitute retaliation in violation of the Fair Employment and Housing Act ("FEHA").

COMPLAINT FOR DAMAGES

49.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

50.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

51.     In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## EIGHTH CAUSE OF ACTION
### (Failure to Engage in the Interactive Process in Violation of FEHA)
### (Against All Defendants)

52.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

53.     Defendants' actions constitute failure to engage in the interactive process in violation of the Fair Employment and Housing Act ("FEHA").

54.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

55.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to her damage in an amount according to proof at trial.

56.     In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## NINTH CAUSE OF ACTION
**(Failure to Provide Reasonable Accommodation in Violation of FEHA)**
**(Against All Defendants)**

57.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

58.     Defendants' actions constitute failure to provide reasonable accommodation in violation of FEHA.

59.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

60.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

61.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### TENTH CAUSE OF ACTION
**(Retaliation in Violation of Labor Code s. 6310)**
**(Against All Defendants)**

62.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

63.    Defendants' actions constitute retaliation in violation of Labor Code s. 6310.

64.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

65.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish all to his damage in an amount according to proof at trial.

66.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For payment of earned wages, withheld earnings, and other damages according to proof in an amount to be ascertained at trial;

2.     For payment of all statutory obligations and penalties as required by law;

3.     For penalties, special damages, compensatory, and general damages in an amount to be proven at trial;

4.     For punitive damages as allowed by law;

5.     Loss of income incurred and to be incurred according to proof;

6.     For reasonable attorneys' fees by statute and contract;

7.     For costs of suit incurred herein;

8.     For interest provided by law;

9.     All damages and penalties pursuant to Labor Code;

10.     For restitution and other equitable relief; and

11.     For such other and further relief as the court deems just and proper.

Dated: June 25, 2019      By:      LAW OFFICE OF MICHAEL FREIMAN

Michael J. Freiman, Esq.
Attorney for Plaintiff Jasone Watkins

## **DEMAND FOR JURY TRIAL**

Plaintiff Jasone Watkins demands a jury trial.

Dated: June 25, 2019      By:      LAW OFFICE OF MICHAEL FREIMAN

Michael J. Freiman, Esq.
Attorney for Plaintiff Jasone Watkins

# EX A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
                                                                                          DIRECTOR KEVIN KISH

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

August 7, 2018

Jasone Watkins
c/o Law Office of Michael Freiman, 100 Wilshire Blvd. Suite 700
Santa Monica, California 90401

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 201808-03149307
       Right to Sue: Watkins / G4S SECURE SOLUTIONS (USA) INC.

Dear Jasone Watkins,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective August
7, 2018 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jasone Watkins                                                    DFEH No. 201808-03149307

Complainant,

vs.

G4S SECURE SOLUTIONS (USA) INC.
1395 University Blvd.
Jupiter, Florida 33458

Respondents

_____

1. Respondent **G4S SECURE SOLUTIONS (USA) INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jasone Watkins**, resides in the City of **Santa Monica** State of **California.**

3. Complainant alleges that on or about **August 7, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, ancestry, national origin (includes language restrictions), color, genetic information or characteristic, disability (physical or mental), medical condition (cancer or genetic characteristic), association with someone of a protected class.

**Complainant was discriminated against** because of complainant's race, ancestry, national origin (includes language restrictions), color, genetic information or characteristic, disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was denied hire or promotion, reprimanded, denied equal pay, suspended, denied or forced transfer, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 201808-03149307*

Date Filed: August 7, 2018

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment claim, requested or used a disability-related accommodation and as a result was denied hire or promotion, reprimanded, denied equal pay, suspended, denied or forced transfer, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, failed to give equal considerations in making employment decisions, denied reasonable accommodation for a disability, partial recommendation for subsequent employment in retaliation for filing discrimination or harassment complaints.

**Additional Complaint Details:** Respondent subjected Claimant to discrimination/harassment/retaliation on the aforementioned bases and in retaliation for Claimant's opposition to discrimination/harassment/retaliation. Respondent removed Claimant from his post, reduced his schedule, transferred, failed to promote, failed to increase pay, decreased pay, demoted, suspended, failed to provide seating, subjected Claimant to an unsafe work environment, suspended, threatened to terminate, and subjected Claimant to a hostile work environment. Respondent subjected Claimant to a hostile work environment on the bases of his race/color/national origin/ancestry and disability/perceived disability/request for accommodation through slurs, exclusion, insults, exclusion, and retaliation.

-2-

*Complaint – DFEH No. 201808-03149307*

Date Filed: August 7, 2018

VERIFICATION

I, **Michael Freiman**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On August 7, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-3-
*Complaint – DFEH No. 201808-03149307*

Date Filed: August 7, 2018

# EX B

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jasone Watkins                                        DFEH No. 201808-03149307

                          Complainant,

vs.

G4S SECURE SOLUTIONS (USA) INC.
1395 University Blvd.
Jupiter, Florida 33458

                          Respondents

_____

1. Respondent **G4S SECURE SOLUTIONS (USA) INC.**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jasone Watkins**, resides in the City of **Santa Monica** State of **California.**

3. Complainant alleges that on or about **June 25, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, ancestry, national origin (includes language restrictions), color, genetic information or characteristic, disability (physical or mental), medical condition (cancer or genetic characteristic), association with someone of a protected class.

**Complainant was discriminated against** because of complainant's race, ancestry, national origin (includes language restrictions), color, genetic information or characteristic, disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was denied hire or promotion, reprimanded, denied equal pay, suspended, denied or forced transfer, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 201808-03149307*

Date Filed: August 7, 2018
Date Amended: June 25, 2019

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment claim, requested or used a disability-related accommodation and as a result was denied hire or promotion, reprimanded, denied equal pay, suspended, denied or forced transfer, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, failed to give equal considerations in making employment decisions, denied reasonable accommodation for a disability, partial recommendation for subsequent employment in retaliation for filing discrimination or harassment complaints.

**Additional Complaint Details:** Respondent subjected Claimant to discrimination/harassment/retaliation on the aforementioned bases and in retaliation for Claimant's opposition to discrimination/harassment/retaliation. Respondent removed Claimant from his post, reduced his schedule, transferred, failed to promote, failed to increase pay, decreased pay, demoted, suspended, failed to provide seating, subjected Claimant to an unsafe work environment, suspended, threatened to terminate, and subjected Claimant to a hostile work environment. Respondent subjected Claimant to a hostile work environment on the bases of his race/color/national origin/ancestry and disability/perceived disability/request for accommodation through slurs, exclusion, insults, physical intimidation, exclusion, and retaliation.

Defendant G4S Secure Solutions employed Plaintiff as a security guard in Los Angeles from in or around September, 2017, to Summer, 2018. Plaintiff is not currently employed by Defendant.

During Plaintiff's (African-American) employment, in a continuing violation from December, 2017, to Summer, 2018, Defendant's management and employees, including Plaintiff's supervisor, created a hostile work environment by making racial slurs to Plaintiff (including without limitation that Plaintiff should instead work as a "basketball player" and go back to "Ethiopia"), harassing physical conduct including without limitation pointing a finger in Plaintiff's face, and other actions to exclude Plaintiff such as removing Plaintiff's lunch from his desk and not allowing him to sit down at all during his job. Defendant did not engage in such conduct toward similarly situated employees who, based on Plaintiff's knowledge and on information and belief, were not African American.

Following Plaintiff's complaints about the harassment, Defendant required Plaintiff to stand in his position in violation of California's suitable seating laws despite previously allowing Plaintiff to set in his position from September, 2017 to June 26,

-2-
*Complaint – DFEH No. 201808-03149307*

2018. As a result, Plaintiff developed a disability of excruciating physical pain which interfered with his ability to work and engage in other physical actions beginning June 26, 2018.

As a result of Plaintiff's disability, Plaintiff requested reasonable accommodation including without limitation the opportunity to sit during parts of his job from June 26, 2018, through the remainder of his employment in Summer, 2018.

Defendants failed to engage in any interactive process to determine what accommodations known or should be known to the employer nor did Defendant accommodate Plaintiff's request for a seat nor provide any other reasonable accommodation in a continuing violation from June 26, 2018 through the remainder of his employment in Summer, 2018.

Plaintiff complained to Defendant's management about racial discrimination/harassment, disability discrimination/failure to accommodate, violation of California's suitable seating laws, and an unsafe work environment in or around June-July, 2018.

Within close time proximity (less than three months) following Plaintiff's complaints in or around June-July, 2018, Defendant's management, with knowledge of Plaintiff's complaints, required he stand at his post, removed Plaintiff from his post, suspended Plaintiff, wouldn't allow Plaintiff to return to work, demoted Plaintiff, reduced Plaintiff's schedule, reduced Plaintiff's compensation, and failed to provide Plaintiff a raise he was qualified for and otherwise would have earned beginning on June 26, 2018 and continuing through the remainder of employment.

Defendants did not engage in such conduct toward similarly situated employees who, based on Plaintiff's knowledge and on information and belief, were not African American, disabled or regarded as disabled, or who had not complained about violations of the law or who had not requested a reasonable accommodation.

Defendants failed to conduct an adequate investigation into Plaintiff's complaints. Defendants actions constitute harassment/discrimination/retaliation on the bases of race/ancestry/color/national origin/disability, opposition to harassment/discrimination/retaliation, request/exercise of reasonable accommodation, and opposition to/disclosure of/refusal to perform violations of the law and workplace safety violations.

-3-
*Complaint – DFEH No. 201808-03149307*

Date Filed: August 7, 2018
Date Amended: June 25, 2019

VERIFICATION

I, **Michael Freiman**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On June 25, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-4-

*Complaint – DFEH No. 201808-03149307*

Date Filed: August 7, 2018
Date Amended: June 25, 2019

**EX C**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                   KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 25, 2019

Jasone Watkins
100 Wilshire Blvd. Ste 700
Santa Monica, California 90401

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201906-06625525
        Right to Sue: Watkins / G4S SECURE SOLUTIONS (USA) INC.

Dear Jasone Watkins,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective June
25, 2019 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jasone Watkins                                              DFEH No. 201906-06625525

Complainant,

vs.

G4S SECURE SOLUTIONS (USA) INC.
1395 University Blvd.
Jupiter, Florida 33458

Respondents

_____

1. Respondent **G4S SECURE SOLUTIONS (USA) INC.**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jasone Watkins**, resides in the City of **Santa Monica** State of **California.**

3. Complainant alleges that on or about **June 25, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, ancestry, national origin (includes language restrictions), color, disability (physical or mental), medical condition (cancer or genetic characteristic), association with a member of a protected class.

**Complainant was discriminated against** because of complainant's race, ancestry, national origin (includes language restrictions), color, disability (physical or mental), medical condition (cancer or genetic characteristic), association with a member of a protected class and as a result of the discrimination was denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied or forced to transfer.

-1-
*Complaint – DFEH No. 201906-06625525*

Date Filed: June 25, 2019

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint and as a result was denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied or forced to transfer.

**Additional Complaint Details:** Respondent subjected Claimant to discrimination/harassment/retaliation on the aforementioned bases and in retaliation for Claimant's opposition to discrimination/harassment/retaliation. Respondent removed Claimant from his post, reduced his schedule, transferred, failed to promote, failed to increase pay, decreased pay, demoted, suspended, failed to provide seating, subjected Claimant to an unsafe work environment, suspended, threatened to terminate, and subjected Claimant to a hostile work environment. Respondent subjected Claimant to a hostile work environment on the bases of his race/color/national origin/ancestry and disability/perceived disability/request for accommodation through slurs, exclusion, insults, physical intimidation, exclusion, and retaliation.

Defendant G4S Secure Solutions employed Plaintiff as a security guard in Los Angeles from in or around September, 2017, to Summer, 2018. Plaintiff is not currently employed by Defendant.

During Plaintiff's (African-American) employment, in a continuing violation from December, 2017, to Summer, 2018, Defendant's management and employees, including Plaintiff's supervisor, created a hostile work environment by making racial slurs to Plaintiff (including without limitation that Plaintiff should instead work as a "basketball player" and go back to "Ethiopia"), harassing physical conduct including without limitation pointing a finger in Plaintiff's face, and other actions to exclude Plaintiff such as removing Plaintiff's lunch from his desk and not allowing him to sit down at all during his job. Defendant did not engage in such conduct toward similarly situated employees who, based on Plaintiff's knowledge and on information and belief, were not African American.

Following Plaintiff's complaints about the harassment, Defendant required Plaintiff to stand in his position in violation of California's suitable seating laws despite previously allowing Plaintiff to set in his position from September, 2017 to June 26, 2018. As a result, Plaintiff developed a disability of excruciating physical pain which

Date Filed: June 25, 2019

interfered with his ability to work and engage in other physical actions beginning June 26, 2018.

As a result of Plaintiff's disability, Plaintiff requested reasonable accommodation including without limitation the opportunity to sit during parts of his job from June 26, 2018, through the remainder of his employment in Summer, 2018.

Defendants failed to engage in any interactive process to determine what accommodations known or should be known to the employer nor did Defendant accommodate Plaintiff's request for a seat nor provide any other reasonable accommodation in a continuing violation from June 26, 2018 through the remainder of his employment in Summer, 2018.

Plaintiff complained to Defendant's management about racial discrimination/harassment, disability discrimination/failure to accommodate, violation of California's suitable seating laws, and an unsafe work environment in or around June-July, 2018.

Within close time proximity (less than three months) following Plaintiff's complaints in or around June-July, 2018, Defendant's management, with knowledge of Plaintiff's complaints, required he stand at his post, removed Plaintiff from his post, suspended Plaintiff, wouldn't allow Plaintiff to return to work, demoted Plaintiff, reduced Plaintiff's schedule, reduced Plaintiff's compensation, and failed to provide Plaintiff a raise he was qualified for and otherwise would have earned beginning on June 26, 2018 and continuing through the remainder of employment.

Defendants did not engage in such conduct toward similarly situated employees who, based on Plaintiff's knowledge and on information and belief, were not African American, disabled or regarded as disabled, or who had not complained about violations of the law or who had not requested a reasonable accommodation.

Defendants failed to conduct an adequate investigation into Plaintiff's complaints. Defendants actions constitute harassment/discrimination/retaliation on the bases of race/ancestry/color/national origin/disability, opposition to harassment/discrimination/retaliation, request/exercise of reasonable accommodation, and opposition to/disclosure of/refusal to perform violations of the law and workplace safety violations.

Date Filed: June 25, 2019

VERIFICATION

I, **Michael Freiman, Esq.**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On June 25, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-4-

*Complaint – DFEH No. 201906-06625525*

Date Filed: June 25, 2019