UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 18-08739-CJC(JEMx)            Date: February 14, 2020

Title: JASONE WATKINS V. G4S SECURE SOLUTIONS USA INC., *ET AL.*

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Gabriela Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO AMEND THE SCHEDULING ORDER AND DENYING DEFENDANT'S REQUEST FOR SANCTIONS [Dkt. 36]**

I. Introduction and Background

       Plaintiff Jasone Watkins brings this suit against his former employer, Defendant G4S Secure Solutions (USA) Inc. ("G4S" OR "Defendant"), and unnamed Does. (Dkt. 26 [Third Amended Complaint, hereinafter "TAC"].) Plaintiff generally alleges that Defendant's management and employees made racial slurs to him, harassed him, and did not allow him to sit down during his job. (*Id.* ¶¶ 6–16.) He asserts ten causes of action under California's labor laws, including claims for wrongful demotion, retaliation, and discrimination. (*See generally id.*) Plaintiff initially filed suit in Los Angeles County Superior Court in August 2018, and Defendant removed shortly thereafter. (Dkt. 1.)

       In February 2019, the Court issued a scheduling order, setting a discovery deadline of November 27, 2019, and a motions deadline of January 27, 2020. (Dkt. 19.)

       Near the close of discovery, Defendant attempted to schedule Plaintiff's deposition. (*See* Dkt. 37 [Defendant's *Ex Parte* Application to Advance Calendar, hereinafter "App."] at 3–4.) These efforts failed, as did Defendant's efforts to negotiate a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 18-08739-CJC(JEMx)　　　　　　　　　　　　　　Date: February 14, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

stipulation to extend discovery. (*See id.*) Both sides accuse the other of bad faith and gamesmanship.

On the final day of discovery, Defendant filed a motion to compel Plaintiff's deposition, (Dkt. 29), but Magistrate Judge McDermott struck the motion for procedural deficiencies, (Dkt. 31). Defendant refiled the motion to compel, but Magistrate Judge once again denied it—this time because discovery had closed. (Dkt. 35.)

In response to this dispute, the Court vacated the pretrial conference scheduled for March 2, 2020 and the jury trial scheduled for March 10, 2020. (Dkt. 39.)

Now before the Court is Defendant's motion to amend the scheduling order, which also requests sanctions against Plaintiff. (Dkt. 36 [hereinafter "Mot."].) Also before the Court is Plaintiff's notice of non-opposition to Defendant's motion to amend the scheduling order and opposition to Defendant's motion for sanctions. (Dkt. 40 [hereinafter "Opp."].)

II. Motion to Amend Scheduling Order

The parties have now stipulated to amend the scheduling order. Such an amendment is necessary to allow Defendant the opportunity to depose Plaintiff. Good cause appearing, and to avoid prejudice, Fed. R. Civ. P. 16(b)(4), Defendant's motion to amend the scheduling order is **GRANTED**.

All discovery, including discovery motions, shall be completed by **March 10, 2020**. Discovery motions must be filed and heard prior to this date.

The parties shall have until **May 11, 2020** to file and have heard all other motions, including motion to join or amend the pleadings.

The Court strongly encourages counsel to resolve future discovery disputes informally. If necessary, the Court will schedule a pretrial conference and jury trial after the close of discovery.

//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 18-08739-CJC(JEMx)             Date: February 14, 2020
Page 3

### III. Request for Sanctions

       The last paragraph of Defendant's motion to amend the scheduling order includes a cursory request for sanctions under Federal Rule of Civil Procedure 37. The Court declines to impose sanctions here. Defendant's counsel unduly delayed their requests to depose Plaintiff. Counsel on both sides share responsibility for the ultimate breakdown in the discovery process. Accordingly, Defendant's request for sanctions is **DENIED**.

       The Court expects this case to move forward efficiently, with professionalism, civility, and good faith from both sides and full compliance with the Local Rules.

af

MINUTES FORM 11
CIVIL-GEN                                              Initials of Deputy Clerk GGA